FILED: September 30, 2026

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 26-2295
(2:18-mn-02873-RMG)
(2:23-cv-01531-RMG)

---

In re: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION

------------------------------

THE PEOPLE OF THE STATE OF CALIFORNIA EX REL. ROB BONTA, ATTORNEY GENERAL OF CALIFORNIA

Plaintiff - Appellant

v.

CORTEVA INC.

Defendant - Appellee

and

3M COMPANY; AGC CHEMICALS AMERICAS INC.; ARCHROMA US INC.; ARKEMA, INC.; BUCKEYE FIRE EQUIPMENT COMPANY; CARRIER FIRE & SECURITY AMERICAS CORPORATION, INC.; CARRIER FIRE & SECURITY CORPORATION, INC.; CARRIER GLOBAL CORP.; CHEMGUARD INC.; CHEMOURS COMPANY FC, LLC; CLARIANT CORPORATION; DOES 4-100; DUPONT DE NEMOURS INC.; DYNAX CORPORATION; E. I. DUPONT DE NEMOURS & COMPANY; KIDDE PLC

INC.; KIDDE-FENWAL INC.; NATIONAL FOAM, INCORPORATED; QNITY ELECTRONICS, INC.; THE CHEMOURS COMPANY, LLC; TYCO FIRE PRODUCTS LP; UNITED TECHNOLOGIES CORPORATION; UTC FIRE & SECURITY AMERICAS CORP., INC.

Defendants

---

O R D E R

---

The district court's denial of leave to file a motion for a temporary restraining order and preliminary injunction is summarily reversed. This court has jurisdiction over that order because it had the practical effect of denying California's motion for a preliminary injunction. *See Abbott v. Perez*, 585 U.S. 579, 594 (2018). Summary reversal is warranted because the issue raised before us is "manifestly unsubstantial and appropriate for disposition by motion," and the district court made a "demonstrably erroneous application of federal law." *Strickland v. Moritz*, 149 F.4th 378, 405 (4th Cir. 2025).

The transfer of a case to the district court overseeing multi-district litigation "is, in essence, a change in venue for pretrial purposes." *In re Delta Dental Antitrust Litig.*, 509 F. Supp. 3d 1377, 1379 (U.S. Jud. Pan. Mult. Lit. 2020). Following a transfer, therefore, the judge presiding over the MDL "has all the jurisdiction and powers over pretrial proceedings in the actions transferred to him that the transferor judge would have had in the absence of transfer." *Id.*

Accordingly, the district court demonstrably erred in its application of federal law when it denied California leave to file its proposed motion on the basis of improper venue. This court reiterates that "the fact that a proceeding occurred in an MDL setting does not alter the substantive rights of the litigants." *In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, 169 F.4th 436, 445 (4th Cir. 2026).

The merits of California's motion for a temporary restraining order and preliminary injunction are left to the district court to determine in the first instance. This court expresses no view on the merits of that underlying motion. The mandate shall issue forthwith in order to return this matter to the district court expeditiously. The motion for an injunction pending appeal is denied as moot.

Entered at the direction of Judge Berner with the concurrence of Judge Gregory and Judge Rushing.

For the Court

/s/ Nwamaka Anowi, Clerk